IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31474
Summary Calendar
_____

WILLIE MARTIN,

                                    Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana
State Penitentiary

                                    Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
(99-CV-3233)
---------------------
June 18, 2001

Before HIGGINBOTHAM, WIENER, AND BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Petitioner Willie Martin, Louisiana prisoner # 111528, appeals the denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. He argues that he was deprived of his right to a fair trial by being compelled to appear at his jury trial wearing identifiable prison clothing, and that his trial attorney was ineffective for failing to make a timely objection to such attire.

Martin first argues that both the state habeas court and the district court denied relief under an improper application of Estelle v. Williams, 425 U.S. 501 (1976), because they failed to

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

consider testimony presented at an evidentiary hearing before the trial court in 1997. We reject this argument. An evidentiary hearing was ordered by the Louisiana Supreme Court to determine issues pertaining to Martin's ineffective assistance of counsel claim. See State ex rel. Martin v. State, 679 So. 2d 414, 414 (La. 1996). The evidence adduced at the hearing had no bearing on Martin's other claims for post-conviction relief. The state habeas court proceedings did not involve an unreasonable application of clearly established federal law and did not result in a decision based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Moreover, considering the overwhelming evidence in the record that supports the jury verdict, error at the trial level would have been harmless. See Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993). The district court did not clearly err in not considering testimony from the evidentiary hearing on the fair trial issue. See Beazley v. Johnson, 242 F.3d 248, 255 (5th Cir. 2001).

We next address Martin's argument that he received ineffective assistance of counsel when his trial attorney failed to make a timely objection to Martin's prison garb. Again, when considered in the light of the overwhelming evidence supporting the jury verdict, Martin cannot show prejudice even if we assume arguendo that he received ineffective assistance of counsel on this claim. See Strickland v. Washington, 466 U.S. 668, 687 (1984). AFFIRMED.